IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-23-SLR |
| | : | |
| CLARENCE MITCHELL, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

Defendant, Clarence Mitchell, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing for use by the government any and all evidence obtained as a result of the unlawful search of 3411 N. Franklin Place, Wilmington, Delaware, including any and all statements made by the defendant to law enforcement officials, that the government intends to introduce at trial.

In support of this motion, the defendant submits as follows:

1. On December 27, 2007, officers with the Wilmington Police Department executed a search warrant at 3411 N. Franklin Place, Wilmington, Delaware.[1] In the affidavit for the search warrant, Detectives Todd Riley and Robert Cunningham alleged that there was reason to believe that evidence of drug selling would be found at that location.

_____

[1]A copy of the search warrant and affidavit for 3411 N. Franklin Place, Wilmington, Delaware, is attached hereto as "Exhibit A".

2.      As a result of the search, officers recovered cocaine, drug paraphernalia, currency, and a firearm.

3.      During the execution of the search warrant and later at the police station, Mr. Mitchell was questioned by law enforcement officers and allegedly made several incriminating statements.

4.      Mr. Mitchell contends that there was no probable cause justifying the search of 3411 N. Franklin Place, Wilmington, Delaware, and thus the search was illegal and in violation of the United States Constitution.

5.      The Fourth Amendment prohibits unreasonable searches and seizures.  Where no probable cause exists for a search, suppression of any evidence recovered will be required.  United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton, 637 F.2d 200 (3rd  Cir. 1980).

6.      In the present case, although the location in question was searched pursuant to a warrant, the search warrant was not supported by probable cause.  The search warrant affidavit failed to establish probable cause that drugs or evidence of drug distribution would be found at 3411 N. Franklin Place.

7.      This Court must determine whether the magistrate judge "had a 'substantial basis' for concluding that probable cause existed" to support the warrant.  United States v. Whitner, 219 F.3d 289 (3d Cir. 2000).

8.      In determining the sufficiency of an affidavit in support of a search warrant, a "totality of the circumstances" standard is applied.  United States v. Jewell, 60 F.3d 20, 23 (1st Cir. 1995).  To assess whether a search warrant was legally issued, there must have been facts presented to a magistrate which rise to a level of probable cause when viewing the evidence under a totality of the

circumstances analysis.  Id.  Under the probable cause standard, the totality of the circumstances disclosed in the supporting affidavit for the search warrant must demonstrate a "fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  The warrant must demonstrate probable cause to believe that a particular person has committed a crime and that evidence related to that crime is likely to be located at the place to be searched.  United States v. Fuccillo, 808 F.2d 173, 175 (1st Cir.); cert. denied, 482 U.S. 905 (1987).

9.     In the present case, the search warrant  failed to establish the requisite probable cause as a matter of law to support issuance of the search warrant to search 3411 N. Franklin Place.  No facts were presented in the search warrant to support probable cause to believe that drugs or evidence of drug distribution would be found at 3411 N. Franklin Place.  Although the search warrant alleged that Mr. Mitchell had participated in several controlled buys prior to the execution of the search warrant, none of these alleged buys occurred at 3411 N. Franklin Place, and there were no facts presented in the search warrant affidavit to indicate that any activity relating to drug sales was taking place at that location.

10.     A finding of probable cause to support the issuance of a search warrant requires that there be a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates at 238-239.  In the present case, there is nothing in the affidavit to support a finding that contraband or any evidence of a crime could be found at 3411 N. Franklin Street.  Furthermore, no facts were presented in the affidavit to establish probable cause that Mr. Mitchell resided at that location.  Although the affidavit states that "it is common for drug traffickers to secrete contraband, proceeds of illegal drug sales and records of drug transactions in secure locations within their residence...", Search Warrant Affidavit ¶ 4, there is no information contained in the affidavit to

3

support a finding that 3411 N. Franklin Street was Mr. Mitchell's residence. To the contrary, the

affidavit contains information that Mr. Mitchell was residing at 505 Shearman Street, Wilmington,

Delaware. <u>See</u> Search Warrant Affidavit ¶ 15.

      11.    Given the lack of any nexus between any alleged drug sales involving Mr. Mitchell and

3411 N. Franklin Street, Wilmington, Delaware, there clearly was not probable cause to establish that

any evidence of drug distribution would be found at that location. Therefore, there was not a

substantial basis for the finding of probable cause that items relating to drug distributing would be

found at 3411 N. Franklin Place, and the warrant was invalid. As such, all evidence seized pursuant

to the warrant, including any statements made by Mr. Mitchell, must be suppressed. If evidence was

seized as a result of an illegal search then the evidence obtained  ust be suppressed, pursuant to the

"fruit of the poisonous tree doctrine" as was expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471

(1963).

      **WHEREFORE**, the defendant, Clarence Mitchell, respectfully requests that this Court enter

an Order suppressing the evidence and statements as discussed above.

                Respectfully Submitted,

                 */s/ Eleni Kousoulis*
                Eleni Kousoulis, Esquire
                Assistant Federal Public Defender
                704 King Street, Suite 110
                Wilmington, Delaware  19801
                (302) 573-6010
                ecf_de@msn.com
                Attorney for Defendant Clarence Mitchell

Dated: April 30, 2008

# EXHIBIT "A"

IN THE
JUSTICE OF THE PEACE COURT # 20
STATE OF DELAWARE

**IN THE MATTER OF :**                                    **Daytime Search Warrant**

1) Mitchell, Clarence A bmnh 2/28/71

2) 3411 Franklin Place
   Wilmington, Delaware 19802

3) 2001 Jeep Cherokee blue in color
   Delaware registration PC 197381
   VIN 1J4FF47S81L592717

4) 1997 Ford Taurus station wagon       5) 1995 Buick Park Avenue blue in color
   Delaware registration PC 480919          Delaware registration 119468
   VIN 1FALP57UXVA235432                     VIN 1G4CW52K4SH642762

**THE STATE OF DELAWARE TO WIT: DETECTIVES Todd C. Riley and Robert Cunningham**, with the
assistance of any police officer or constable or any other necessary or proper person(s) or assistance.

        **GREETINGS ;** Upon the annexed affidavit and application or complaint for a search warrant, as I am
satisfied that there is probable cause to believe that certain property , namely:  **A SCHEDULE 2  NARCOTIC
SUBSTANCE TO WIT : crack  cocaine used or intended to be used for the sale of and  distribution of crack
cocaine, is being concealed in/or on Clarence A. Mitchell bmnh 2/28/71 and/or 3411 Franklin Place,
Wilmington, Delaware 19802 and/or 2001 Jeep Cherokee blue in color bearing Delaware registration
PC197381 VIN 1J4FF47S81L592717and/or 1997 Ford Taurus station wagon bearing Delaware registration
PC 480919 VIN 1FALP57UXVA235432 and/or 1995 Buick Park Avenue Delaware registration 119468 VIN
1G4CW52K4SH642762 described in the annexed affidavit and application of complaint;**

**NOW, THEREFORE, YOU ARE HEREBY COMMANDED,** within 10 days the date hereof to search the above-
named person, persons, house, conveyance or place  for the property specified in the annexed affidavit and
application, and to search any occupant or occupants found in the house, place or conveyance above named for such
property, serving this warrant and making the search in the daytime, or in the nighttime if the property to be searched
is not a dwelling house, and, if the property papers, articles or things, or any part thereof, be found there, to seize it,
giving to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt
for the property taken, or leaving the copy and receipt at the place from which the property was taken and to prepare
a signed inventory of the goods seized in the presence of the person from whose possession or premises the property
was taken, if they are present, or, if they are not present, in the presence of at least one witness, and to return this
warrant, accompanied by written inventory, to the forthwith.

Date this 27th  day of  December  2007

_____
JUDGE OF THE JUSTICE OF THE PEACE COURT # 20
NEW CASTLE COUNTY, STATE OF DELAWARE

THE
JUSTICE OF THE PEACE COURT # 20
STATE OF DELAWARE

IN THE MATTER OF :

1) Mitchell, Clarence A bmnh 2/28/71

2) 3411 Franklin Place
   Wilmington, Delaware 19802

3) 2001 Jeep Cherokee blue in color
   Delaware registration PC 197381
   VIN 1J4FF47S81L592717

4) 1997 Ford Taurus station wagon
   Delaware registration PC 480919
   VIN 1FALP57UXVA235432

5) 1995 Buick Park Avenue blue in color
   Delaware registration 119468
   VIN 1G4CW52K4SH642762

Affidavit & Application

STATE OF DELAWARE
NEW CASTLE COUNTY SS.

BE IT REMEMBERED, ON THIS 27th DAY OF December 2007

before me, the Honorable Judge _Nina Henry_

personally appeared DETECTIVES Todd C. Riley and Robert Cunningham, being by me duly sworn do depose and say:

That the affiant (or Affiants) has (or have) reason to believe and (does or do) believe that in the dwelling known as: 3411 Franklin Place, Wilmington, Delaware 19802 and/or 2001 Jeep Cherokee blue in color bearing Delaware registration PC197381 VIN 1J4FF47S81L592717 and/or 1997 Ford Taurus station wagon bearing Delaware registration PC 480919 VIN 1FALP57UXVA235432 and/or 1995 Buick Park Avenue Delaware registration 119468 VIN 1G4CW52K4SH642762 and/or on Clarence A. Mitchell bmnh 2/28/71; described in the annexed affidavit and application of complaints(s) that there has been and/or there is now located and/or concealed certain property in said house, place, conveyance and/or on the person or persons of the occupants thereof, consisting of property, papers, articles or things which are instruments of a criminal offense, and/or obtained in the commission of a crime, and/or designated to be used in the commission of a crime, and not reasonably calculated to be used for any other purpose and/or the possession of which is unlawful and, in particular, sale of and distribution of cocaine and any drug related paraphernalia commonly used to process, package, and/or consume drugs, which said property, papers, articles or things were, are or will be possessed and/or used in violation of Title 16, Section 4751, Delaware Code, in that possession with intent to deliver schedule a 2 narcotic to wit: Crack COCAINE, And that the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows:

00000105

00000105

## PROPERTY TO BE SEIZED

1. ANY CRACK COCAINE OR AND RELATED PARAPHERNALIA INCLUDING, BUT NOT LIMITED TO, PACKAGING MATERIALS, SCALES AND PIPES.

2. INDICIA OF OCCUPANCY OR RESIDENCY OF THE DESCRIBED PREMISES, INCLUDING, BUT NOT LIMITED TO, UTILITY AND TELEPHONE BILLS, CANCELED ENVELOPES AND KEYS.

3. BOOKS, RECORDS, RECEIPTS, NOTES, LEDGERS AND OTHER PAPERS RELATING TO THE TRANSPORTATION, ORDERING, PURCHASE AND DISTRIBUTION INCLUDING ADDRESSES AND / OR TELEPHONE NUMBERS INDIVIDUALS ASSOCIATED IN THE DRUG TRAFFICKING OPERATION.

4. ANY DOCUMENTS, RECEIPTS, TICKETS OR OTHER PAPERS REFLECTING OR EVIDENCING TRAVEL BY ANY MEANS IN THE FURTHERANCE OF THE DRUG TRAFFICKING ENTERPRISE BETWEEN THE STATES OF DELAWARE AND OTHER STATES.

5. BOOKS, RECORDS, RECEIPTS, BANK STATEMENTS AND RECORDS, MONEY DRAFTS, LETTERS OF CREDIT, CASHIER'S CHECKS RECEIPTS, PASSBOOKS, BANK CHECKS, SAFETY DEPOSIT KEYS, LOAN DOCUMENTS, WIRE TRANSFERS AND OTHER PAPERS OR DOCUMENTS EVIDENCING THE OBTAINING, SECRETING, TRANSFER, LAUNDERING AND INVESTMENT, AND / OR CONCEALMENT OF ANY ASSETS OR MONIES OBTAINED DIRECTLY OR INDIRECTLY FROM VIOLATIONS OF THE CONTROLLED SUBSTANCES LAWS.

6. ANY UNITED STATES CURRENCY IN CLOSE PROXIMITY TO CRACK COCAINE OR PARAPHERNALIA, OR ANY QUANTITIES OF CURRENCY IN EXCESS OF $100.00    OR OTHER VALUABLES FOUND IN EXCESS SUCH AS MULTIPLE VCR'S, CAMERAS, VIDEO TAPE, FILM  AND / OR STEREO EQUIPMENT THAT MAY BEEN USED IN LIEU OF CURRENCY TO ATTAIN CONTROLLED SUBSTANCES.

7. ANY RIFLE, PISTOL, SHOTGUN OR ANY DEVICE THAT A SHOT MAY BE DISCHARGED OR ANY WEAPON MANIFESTLY UTILIZED TO PROTECT ILLEGAL DRUGS.

00000106



00000106

Based upon your affiants training, experience, and participation in other drug investigations, your affiant can state:

**1)** THAT DRUG TRAFFICKERS VERY OFTEN PLACE ASSETS IN NAMES OTHER THAN THEIR OWN TO AVOID DETECTION OF THESE ASSETS BY GOVERNMENT AGENCIES AND EVEN THOUGH THESE ASSETS ARE IN OTHER PERSONS' NAMES, THE DRUG TRAFFICKER ACTUALLY OWN AND CONTINUE USE THESE ASSETS AND EXERCISE DOMINION AND CONTROL OVER THEM ;

**2)** THAT DRUG TRAFFICKERS MUST MAINTAIN ON HAND, LARGE AMOUNTS OF U.S. CURRENCY IN ORDER TO MAINTAIN AND FINANCE THEIR ON-GOING BUSINESS ;

**3)** THAT DRUG TRAFFICKERS MAINTAIN BOOKS, RECORDS, RECEIPTS, NOTES, LEDGERS, MONEY ORDERS, AND OTHER PAPERS RELATING TO THE TRANSPORTATION, ORDERING, PURCHASE AND DISTRIBUTION OF ILLEGAL CONTROLLED SUBSTANCES ;

**4)** THAT IT IS COMMON FOR DRUG TRAFFICKERS TO SECRET CONTRABAND , PROCEEDS OF ILLEGAL DRUG SALES AND RECORDS OF DRUG TRANSACTIONS IN SECURE LOCATIONS WITHIN THEIR RESIDENCE AND / OR BUSINESS FOR THEIR READY ACCESS AND TO CONCEAL FROM LAW ENFORCEMENT OFFICERS ;

**5)** THAT WHEN DRUG TRAFFICKERS AMASS LARGE PROCEEDS FROM THE SALE OF DRUGS, THE DRUG TRAFFICKERS ATTEMPT TO LEGITIMIZE THESE PROFITS. TO DO THIS DRUG TRAFFICKERS UTILIZE DOMESTIC BANKS AND THEIR ATTENDANT SERVICES, SECURITIES, CASHIER CHECKS, MONEY DRAFTS ,LETTERS OF CREDIT, REAL ESTATE AND BUSINESS FRONTS ;

**6)** THAT DRUG TRAFFICKERS COMMONLY MAINTAIN ADDRESSES AND / OR TELEPHONE NUMBERS IN BOOKS OR PAPERS THAT REFLECT PERSONS ASSOCIATED IN DRUG TRAFFICKING AND / OR DISTRIBUTION ORGANIZATIONS ;

**7)** THAT DRUG TRAFFICKERS OFTEN TAKE PAYMENT IN THE FORM OF STOLEN ITEMS SUCH AS TELEVISIONS, STEREOS, VCR'S, GUNS AND / OR THEY OBTAIN THESE ITEMS LEGITIMATELY WITH DRUG PROFITS ;

**8)** THAT YOUR AFFIANTS ARE AWARE THAT COURTS HAVE RECOGNIZED THAT UNEXPLAINED WEALTH IS PROBATIVE EVIDENCE OF CRIMES MOTIVATED BY GREED, IN PARTICULAR, TRAFFICKING IN CONTROLLED SUBSTANCES.

**9)** THAT YOUR AFFIANTS CAN STATE THAT DRUG TRAFFICKERS ONLY TRANSPORT ENOUGH DRUGS THAT THEY WILL NEED FOR THE SALE. THEY WILL MAINTAIN THE OTHER DRUGS AT A SECURED LOCATION, INCLUDING BUT NOT LIMITED TO THEIR RESIDENCE.

EXHIBIT "A-1"

## PROBABLE CAUSE

10) Your affiants can truly state that they are sworn members of the Wilmington Department of Police and are currently assigned to the Drug, Organized Crime and Vice Division and have a combined 24 years of police experience with the department.

11) Your affiant can truly state that these investigators (Cunningham and Riley) spoke with a past proven reliable confidential informant who advised that a black male subject in his mid thirties known as "Fat Gus" and described as being approximately 6'02" feet tall, heavy build (300 pounds) with balding hair was distributing crack cocaine to customers in the City of Wilmington.. Further, the informant advised "Fat Gus" is contacted by customers via cellular telephone at 302-685-9445 and delivers the crack in rental vehicles to a mutually agreed upon meet location.

12) Your affiant can truly state that the nick name of "Fat Gus" was known by these detectives to be used by Clarence Mitchell bmnh 2/28/71 who is 6'01" tall, heavy build-approximately 300 pounds, and is balding. Mitchell who is the target of past title 16 investigations conducted by the Wilmington Department of Police Vice Unit resulting in his arrest for drug violations. Further, Mitchell has been arrested by the Wilmington Department of Police on weapons offenses. A DELJIS photograph of Clarence Mitchell bmnh 2/28/71 was obtained and later presented to the informant. At that time the informant advised the subject in the photograph was the "Fat Gus" that they knew to be selling crack cocaine.

13) Your affiants can truly state that these investigators met with a past proven reliable confidential informant during the second week of October 2007 for the purpose of obtaining a controlled purchase of crack cocaine from Clarence Mitchell. The confidential informant was met at a predetermined location and searched thoroughly for any money, drugs and contraband. This search met with negative results. The confidential informant then contacted Mitchell via his cellular telephone at 302-685-9445 and requested an amount of crack cocaine. Mitchell subsequently advised the informant to meet him at a location in the City of Wilmington, Delaware. The informant was then issued a sum of departmental issued buy money (serial numbers AB 54432240 F and AF 31653109 A) by these detectives. The confidential informant then responded to the agreed upon meet location and waited for the arrival of Mitchell. A short time later Mitchell arrived in a Black Nissan Armada SUV bearing Pennsylvania registration GVJ 5276 and met with the informant. The informant then turned over a sum of departmentally issued buy money to Mitchell who in turn handed the informant an amount of an off white chunky material packaged in blue tinted zip lock plastic bags. The informant subsequently exited the area and met with these detectives at a predetermined location and handed over the off white chunky material to these officers. The informant also provided the above noted details of the transaction. It should be noted the informant was observed during and after the transaction by these detectives and other members of the Wilmington Department of Police Vice Squad. The white chunky material was later field tested

by these detectives and produced a positive reaction as being crack cocaine.

14) Your affiants can truly state that assisting members of the Wilmington Department of Police Drug Unit covertly tailed Mitchell after the aforementioned controlled purchase of crack cocaine for a period of time in an attempt to ascertain his residence. During the tail, the vehicle was lost and surveillance was terminated. It should be noted a registration inquiry was conducted on the Nissan Armada (Pa GVJ 5276) and was determined to be a rental vehicle.

15) Your affiants can truly state that information obtained from DELJIS indicated that Mitchell's State of Delaware driver's license (965420) bears the address of 505 Shearman Street, Wilmington, Delaware. Further, the same address was supplied by Mitchell when he came into contact with law enforcement as illustrated by DELJIS. These officers conducted surveillance at the dwelling on several occasions with neither Mitchell nor the above noted Nissan Armada being observed.

16) Your affiants can truly state that these investigators met with a past proven reliable confidential informant during the first week of November 2007 for the purpose of obtaining a second controlled purchase of crack cocaine from Clarence Mitchell. The confidential informant was met at a predetermined location and searched thoroughly for any money, drugs and contraband. This search met with negative results. The confidential informant then contacted Mitchell via his cellular telephone at 302-685-9445 and requested an amount of crack cocaine. Mitchell subsequently advised the informant to meet him at a location in the City of Wilmington, Delaware. The informant was then issued a sum of departmental issued buy money (serial numbers GC 61095118 A, EB 15769410 F, GJ 33769393 A, GJ 33769405 A, GC 14077662 A, and GJ 33769404 A) by these detectives. The confidential informant then responded to the agreed upon meet location and waited for the arrival of Mitchell. A short time later Mitchell arrived in a Blue Jeep Cherokee SUV bearing Delaware registration PC 197381 and met with the informant. The informant then turned over a sum of departmentally issued buy money to Mitchell who in turn handed the informant an amount of an off white chunky material packaged in red tinted zip lock plastic bags. The informant subsequently exited the area and met with these detectives at a predetermined location and handed over the off white chunky material to these officers. The informant also provided the above noted details of the transaction. It should be noted the informant was observed during and after the transaction by these detectives and other members of the Wilmington Department of Police Vice Squad. The white chunky material was later field tested by these detectives and produced a positive reaction as being crack cocaine and turned into evidence.

17) Your affiants can truly state that assisting members of the Wilmington Department of Police Drug Unit covertly tailed Mitchell after the aforementioned controlled purchase of crack cocaine for a period of time in an attempt to ascertain his residence. During the tail, the vehicle was followed to a bar located in the City of Wilmington where Mitchell remained for an unknown period of time. At that time surveillance was terminated. It should be noted a registration inquiry was conducted on the Blue Jeep Cherokee bearing Delaware registration PC 197381. The vehicle was determined to be a 2001 Jeep registered to Mary M. McGee of 1106 E. 14th Street, Wilmington, Delaware. It should be noted Mary McGee is known by these detectives to be the mother of Clarence Mitchell.

18) Your affiants can truly state that surveillance was conducted at 1106 E. 14th Street by these detectives on several occasions at which time Clarence Mitchell nor the Jeep Cherokee were observed. Although, a steel blue Ford Taurus station wagon bearing Delaware registration PC 480919 registered to Mary McGee, which was driven by Clarence Mitchell in the past, was observed parked in the driveway to the dwelling on several occasions.

19) Your affiants can truly state that these investigators met with a past proven reliable confidential informant during the fourth week of November 2007 for the purpose of obtaining a third controlled purchase of crack cocaine from Clarence Mitchell. The confidential informant was met at a predetermined location and searched thoroughly for any money, drugs and contraband. This search met with negative results. The confidential informant then contacted Mitchell via his cellular telephone at 302-685-9445 and requested an amount of crack cocaine. Mitchell subsequently advised the informant to meet him at a location in the City of Wilmington, Delaware. The informant was then issued a sum of departmental issued buy money (serial numbers EB 52601426 A, IC 33414950 A, and DL 71442784 A) by these detectives. The confidential informant then responded to the agreed upon meet location and waited for the arrival of Mitchell. A short time later Mitchell arrived in a Blue Jeep Cherokee SUV bearing Delaware registration PC 197381 and met with the informant. The informant then turned over a sum of departmentally issued buy money to Mitchell who in turn handed the informant an amount of an off white chunky material packaged in pink tinted zip lock plastic bags. The informant subsequently exited the area and met with these detectives at a predetermined location and handed over the off white chunky material to these officers. The informant also provided the above noted details of the transaction. It should be noted the informant was observed during and after the transaction by these detectives and other members of the Wilmington Department of Police Vice Squad. The white chunky material was later field tested by these detectives and produced a positive reaction as being crack cocaine and turned into evidence.

20) Your affiants can truly state that assisting members of the Wilmington Department of Police Drug Unit covertly tailed Mitchell after the aforementioned controlled purchase of crack cocaine for a period of time in an attempt to ascertain his residence. During the tail, the blue Jeep traveled to the 1700 block of N. Pine Street and parked. Mitchell subsequently exited the vehicle and entered Le Roi Monae Barber Shop located at 1711 Pine Street Wilmington, Delaware. After approximately twenty minutes Mitchell exited the barber shop and entered the blue Jeep. The vehicle was followed to the 3400 block of Franklin Place located in the City of Wilmington, Delaware and parked. At that time Clarence Mitchell was observed exiting the vehicle wearing a brown jacket and black pants and entering a dwelling known as 3411 Franklin Place.  The dwelling is described as a two story row home located on the west side of the block with red bricks and a front porch. Approximately twenty minutes later Mitchell exited the dwelling and entered the vehicle. The vehicle traveled into center city (Wilmington) with surveillance being terminated. These detectives later returned to the 3400 block of Franklin Place approximately two hours after Mitchell exited the home and observed the blue Jeep Cherokee bearing Delaware registration PC 197381 parked in the block.

21) Your affiants can truly state that these detectives conducted a property search on 3411 Franklin Place, Wilmington Delaware 19802. The current owner of the property as of 8/28/07 is listed as Denise Smiley. A DELJIS driver's license inquiry was conducted on Denise Smiley. Said inquiry indicated that Denise Renee Smiley bfnh ▓▓▓▓▓ possesses a State of Delaware driver's license ▓▓▓▓ bearing an address of 3411 Franklin Place Wilmington, Delaware. A criminal history inquiry was also conducted on Denise Smiley bfnh ▓▓▓▓▓▓▓▓▓  The inquiry indicated that the last time she had contact with law enforcement she was residing at 505 Shearman Wilmington, Delaware 19801. Further, she has used the same address ( 505 Shearman Street) since 12/01/2004. It should be noted Clarence Mitchell's current address of record is also 505 Shearman Street, Wilmington, Delaware and has used same since 2/8/1997.

22) Your affiants can truly state during the first week of December 2007 covert surveillance was conducted by Detective Emory at 3411 Franklin Place, Wilmington, Delaware. During that time the steel blue Ford Taurus bearing Delaware PC480919 arrived in the 3400 block of Franklin Place and parked. Clarence Mitchell then exited the vehicle from the driver's side of same and entered 3411 Franklin Place. A short time later Mitchell exited the dwelling and entered the vehicle which left the area and traveled to center city Wilmington. It should be noted Mitchell was captured on video by Detective Emory exited the vehicle and entering the home.

00000111

00000111

23)    Your affiants can truly state that these investigators met with a past proven reliable confidential informant during the first week of December 2007 for the purpose of obtaining a forth controlled purchase of crack cocaine from Clarence Mitchell. The confidential informant was met at a predetermined location and searched thoroughly for any money, drugs and contraband. This search met with negative results. The confidential informant then contacted Mitchell via his cellular telephone at 302-685-9445 and requested an amount of crack cocaine. Mitchell subsequently advised the informant to meet him at a location in the City of Wilmington, Delaware. The informant was then issued a sum of departmental issued buy money (serial numbers EA 78167147 F and BB 08161797 B) by these detectives. Assisting detectives subsequently tailed Mitchell in the steel blue Ford Taurus station wagon from center city Wilmington to the agreed upon meet location of the informant and Mitchell. He subsequently arrived in the steel blue Ford Taurus station wagon bearing Delaware registration PC 480919 and met with the informant. The informant then turned over a sum of departmentally issued buy money to Mitchell who in turn handed the informant an amount of an off white chunky material packaged in pink tinted zip lock plastic bags. The informant subsequently exited the area and met with these detectives at a predetermined location and handed over the off white chunky material to these officers. The informant also provided the above noted details of the transaction. It should be noted the informant was observed during and after the transaction by these detectives and other members of the Wilmington Department of Police Vice Squad. The white chunky material was later field tested by these detectives and produced a positive reaction as being crack cocaine and turned into evidence.

24)    Your affiants can truly state after the above noted controlled purchase, assisting Detectives covertly tailed the Ford Taurus station wagon being operated by Mitchell to center city Wilmington at which time surveillance was terminated. It should be noted Mitchell is known by these Detectives (through confidential informant information and personal observation) to be the supplier and head of a group of street level title 16 dealers who sell crack cocaine at 7th and Monroe Streets which is located in center City Wilmington.

00000112

25) Your affiants can truly state that these investigators met with a past proven reliable confidential informant during the fourth week of December 2007 for the purpose of obtaining a forth controlled purchase of crack cocaine from Clarence Mitchell. The confidential informant was met at a predetermined location and searched thoroughly for any money, drugs and contraband. This search met with negative results. The confidential informant then contacted Mitchell via his cellular telephone and requested an amount of crack cocaine. Mitchell subsequently advised the informant to meet him at a location in New Castle County, Delaware. The informant was then issued a sum of departmental issued buy money (serial numbers recorded) by these detectives. Assisting detectives subsequently observed Mitchell exit the Leroi Monae Barber Shop located at 1711 Pine Street, Wilmington, Delaware and enter a blue in color 1995 Buick Park Avenue bearing Delaware registration 119468. The vehicle was subsequently tailed to the 3400 block of Franklin Place, Wilmington, Delaware and parked. Mitchell exited the vehicle and entered 3411 Franklin Place and remained for approximately five minutes. Mitchell exited the home, entered the vehicle and drove to the agreed upon meet location. He then met with the informant who turned over a sum of departmentally issued buy money to Mitchell who in turn handed the informant an amount of an off white chunky material packaged in a plastic bag. The informant subsequently exited the area and met with these detectives at a predetermined location and handed over the off white chunky material to these officers. The informant also provided the above noted details of the transaction. It should be noted the informant was observed during and after the transaction by these detectives and other members of the Wilmington Department of Police Vice Squad. The white chunky material was later field tested by these detectives and produced a positive reaction as being crack cocaine and turned into evidence. It should be noted after the controlled purchase, assisting officers followed Mitchell in the blue Buick Park Avenue to the 1700 block of Pine Street where he parked. Mitchell exited the vehicle and entered the barber shop located at 1711 Pine Street, Wilmington, Delaware.

26) Your affiants pray that a search warrant be granted for:

A) Mitchell, Clarence A bmnh 2/28/71

B) 3411 Franklin Place, Wilmington, Delaware 19802

C) 2001 Jeep Cherokee blue in color, Delaware registration PC 197381, VIN 1J4FF47S81L592717

D) 1997 Ford Taurus station wagon bearing Delaware registration PC 480919 VIN 1FALP57UXVA235432

E) 1995 Buick Park Avenue blue in color bearing Delaware registration 119468 VIN 1G4CW52K4SH642762

SWORN TO AND SUBSCRIBED THIS 27th DAY OF December 2007

AFFIANT: _____                    DATE: 27 December 07
              Todd C. Riley

AFFIANT: _____                    DATE: 27 December 07
              Robert Cunningham


_____                    DATE: 27  December 2007
JUDGE OF THE JUSTICE OF THE PEACE COURT #20,
      NEW CASTLE COUNTY
      STATE OF DELAWARE



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-23-SLR |
| | : | |
| CLARENCE MITCHELL, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Court having considered Defendant Mitchell's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any evidence seized during the search of 3411 N. Franklin Street, Wilmington, Delaware, and any statements made by Mr. Mitchell, shall be suppressed.

_____

**HONORABLE SUE L. ROBINSON**
United States District Court