IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-23-SLR |
| CLARENCE MITCHELL, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Clarence Mitchell, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender, respectfully submits this Memorandum of Law in support of his Amended Pretrial Motion to Suppress Evidence and Statements. For the reasons set forth below, Mr. Mitchell seeks to exclude the Government's admission, at trial, of any and all evidence obtained as a result of the unlawful search of 3411 N. Franklin Place, in Wilmington, Delaware, and any statements made by Mr. Mitchell after the unlawful search.

**I. INTRODUCTION**

On February 5, 2008, the Grand Jury for the District of Delaware returned a three-count Indictment with Notice of Forfeiture against Mr. Mitchell, charging him with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (2) knowingly possessing with the intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2) .

On May 19, 2008, Mr. Mitchell filed an Amended Pretrial Motion to Suppress Evidence and

Statements, arguing that the search warrant affidavit failed to establish probable cause that drugs or evidence of drug distribution would be found at 3411 N. Franklin Place, in Wilmington, Delaware. The Government filed its response on June 3, 2008, arguing that the Magistrate Judge had "a substantial basis to conclude that 3411 Franklin Place would contain evidence of the defendant's drug-trafficking activity," and that, alternatively, "the very existence of a warrant for 3411 Franklin Place brings the search of that residence under the ambit of the good-faith exception to the exclusionary rule, pursuant to United States v. Leon, 468 U.S. 897 (1984) and its progeny."

## II. FACTUAL BACKGROUND

On December 27, 2007, Detectives Todd Riley and Robert Cunningham, of the Wilmington Police Department, applied for, and received, two daytime search warrants pertaining to Mr. Mitchell from the Justice of the Peace Court # 20. The first search warrant alleged that crack cocaine intended for sale and distribution was concealed in or on Mr. Mitchell, and/or 3411 Franklin Place in Wilmington, Delaware, and/or three vehicles. The second search warrant alleged that crack cocaine intended for sale and distribution was concealed in Leroi Monae Barbershop at 1711 N. Pine Street in Wilmington, Delaware.[1] Both search warrants contained *identical* supporting affidavits, which stated the following:

> (a) Detectives Riley and Cunningham spoke to "a past proven reliable confidential informant" who stated that a black male known as "Fat Gus, was distributing crack cocaine to customers in the city of Wilmington. The informant described "Fat Gus" as being approximately six feet tall, approximately 300 pounds, with balding hair. The informant provided Fat Gus' cell phone number and stated that he delivers crack in rental vehicles to a mutually agreed upon location.

---

[1] Mr. Mitchell previously attached a copy of the search warrants and affidavits for both locations to his Amended Pretrial Motion to Suppress Evidence and Statements as Exhibits A and B.

(b) Detectives Riley and Cunningham knew that "Fat Gus" was a nickname used by Mr. Mitchell, who is approximately six feet tall, 300 pounds and balding. The affidavit stated that Mr. Mitchell was the target of 16 past investigations, and that he had been previously arrested for drug violations and weapons offenses. The detectives showed the informant a DELJIS photograph of Mr. Mitchell, who identified him as "Fat Gus."

(c) In October 2007, the detectives met with a "a past proven reliable confidential informant" to conduct a controlled purchase from Mr. Mitchell. The detectives subsequently conducted a controlled buy between the confidential informant and Mr. Mitchell, which resulted in the purchase of crack cocaine. The detectives followed Mr. Mitchell after the controlled buy to "ascertain his residence," but lost surveillance.

(d) The detectives obtained Mr. Mitchell's driver's license, which bore an address of 505 Shearman Street in Wilmington, Delaware. Mr. Mitchell had previously provided this address during prior law enforcement contact, and the officers conducted surveillance at the home on several occasions. Mr. Mitchell was not observed at the address.

(e) In November 2007, the detectives conducted a second controlled buy between "a past proven confidential informant" and Mr. Mitchell, which resulted in the purchase of crack cocaine. Law enforcement officials again followed Mr. Mitchell to "ascertain his residence." Mr. Mitchell drove a blue Jeep that was registered to his mother at 1106 E. 14th Street in Wilmington, Delaware. The officers conducted surveillance at that address on several occasions, but the detectives did not see Mr. Mitchell or the Jeep. The detectives, however, saw a Ford Taurus station wagon registered to Mr. Mitchell's mother in the driveway.

(f) In November 2007, the detectives conducted a third controlled buy between "a past proven confidential informant" and Mr. Mitchell, which resulted in the purchase of crack cocaine. Law enforcement officials again followed Mr. Mitchell to "ascertain his residence." Detectives followed Mr. Mitchell, who was driving a blue Jeep, to Le Roi Monae Barbershop at 1711 Pine Street in Wilmington, Delaware. Mr. Mitchell entered the barbershop and exited 20 minutes later. Law enforcement officials then followed him to 3411 Franklin Place in Wilmington, Delaware, and saw him enter and exit the residence 20 minutes later. The detectives followed Mr. Mitchell into Wilmington and lost surveillance. Detectives returned to the 3400 block of Franklin Place two hours after Mr. Mitchell had left the home, and saw the blue Jeep parked in the block.

(g) Detectives conducted a property search on 3411 Franklin Place, and the current owner was listed as Denise Smiley. Ms. Smiley, who had prior contact with law enforcement officials, had a prior address of 505 Shearman Street, Mr. Mitchell's

current address of record.

(h) In December 2007, the detectives conducted surveillance at 3411 Franklin Place and saw Mr. Mitchell arrive in a blue Ford Taurus. Mr. Mitchell entered the residence and left "a short time later."

(i) In December 2007, the detectives conducted a fourth controlled buy between "a past proven confidential informant" and Mr. Mitchell, which resulted in the purchase of crack cocaine. Law enforcement officials again followed Mr. Mitchell, but terminated surveillance. The detectives alleged that they learned, through a confidential informant, that Mr. Mitchell is the "supplier and head of a group of street level title 16 dealers who sell crack cocaine at 7th and Monroe Streets in Wilmington.

(j) In December 2007, the detectives conducted a fifth controlled buy between "a past proven confidential informant" and Mr. Mitchell, which resulted in the purchase of crack cocaine. During this time, law enforcement officials saw Mr. Mitchell leave the Le Roi Monae Barbershop, enter a blue Buick and drive to 3411 Franklin Place. Mr. Mitchell entered the residence for approximately five minutes, met the informant and returned to the barbershop.

See Exhibit A To Defendant's Motion, at ¶¶ 10-25.

On December 27, 2007, Detectives Riley and Cunningham executed both search warrants. No contraband or weapons of any kind were recovered from Leroi Monae Barber Shop. Officers recovered cocaine, drug paraphernalia and a firearm from 3411 N. Franklin Place.

### III. LEGAL ARGUMENT

In ruling on a motion to suppress evidence based on a search warrant, a district court should exercise deferential review of the magistrate's issuance of the warrant. See United States v. Loy, 191 F.3d 360 (3d Cir. 1999). This Court must uphold the finding if the affidavit on which it was based provided a substantial basis for finding probable cause. United States v. Conley, 4 F.3d 1200, 1205 (3d Cir. 1993). This deference, however, does not mean that reviewing courts should simply rubber stamp the magistrate's conclusions. United States v. Tehfe, 722 F.2d 1114 (3d Cir. 1983).

4

The Fourth Amendment's Warrant Clause provides, in pertinent part, that no warrant shall issue without probable cause, supported by Oath or affirmation.  See U.S. Const. amend. IV.  Mr. Mitchell asserts that the issuing magistrate lacked a substantial basis to conclude that 3411 N. Franklin Place would contain evidence of Mr. Mitchell's alleged drug-trafficking activity.  Moreover, the good faith exception to the exclusionary rule is inapplicable, as a reasonably well trained officer would have known that the search was illegal, despite the magistrate's authorization.  Loy, 191 F.3d at 360.

### A. The Magistrate Judge Did Not Have Probable Cause That Contraband Or Evidence Of A Crime Would Be Found At 3411 Franklin Street.

The Fourth Amendment's Warrant Clause provides, in pertinent part, that no warrant shall issue without probable cause, supported by Oath or affirmation.  See U.S. Const. amend. IV.  A magistrate judge may find probable cause when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 US. 213, 238 (1983).  Although "direct evidence linking the place to be searched to the crime is not required for the issuance of the search warrant," there must be a sufficient nexus between the contraband to be seized and the place to be searched.  Conley, 4 F.3d at 1205; See also, United States v. Hodge, 246 F.3d 301 (3d Cir. 2001).

In Hodge, the Third Circuit collected cases from other Circuits to support the proposition that "a person involved in drug dealing . . . would store evidence of that dealing at his home."  Id. at 306.  Although the affidavit alleges drug dealing activity by Mr. Mitchell, the affidavit did not establish that 3411 N. Franklin Place was Mr. Mitchell's residence, or that Mr. Mitchell was storing contraband at that location.

5

Unlike Hodge, the search warrant affidavit at issue in the present case, contains scant, if any, information suggesting that Mr. Mitchell resided at 3411 N. Franklin Place. Law enforcement officials only saw Mr. Mitchell at 3411 N. Franklin Place three times during the course of a three-month investigation.[2] Moreover, the affidavit clearly stated that Mr. Mitchell's current address was 505 Sherman Street. Although the affidavit states that officers conducted surveillance at 505 Sherman Street on several occasions and never observed Mr. Mitchell at that location, the affidavit included no details of the dates or times that the officers conducted such surveillance. It would be pure speculation to conclude that Mr. Mitchell did not reside at 505 Sherman Street based simply on the officers' assertions contained in the affidavit.

The government cites, as their most compelling evidence, that Denise Smiley, an individual who previously resided at 505 Sherman Street, was the registered owner of 3411 N. Franklin Place. The fact, however, that Denise Smiley previously resided at an address where Mr. Mitchell also resided does not establish that Mr. Mitchell was currently residing with her at 3411 N. Franklin Place. There is nothing in the affidavit establishing that Mr. Mitchell and Ms. Smiley even lived at 505 Sherman Street at the same time.

Finally, the Government cites United States v. Burton, 288 F.3d 91 (3d Cir. 2002), to support the argument that Mr. Mitchell lived at 3411 N. Franklin Street because a vehicle that he had driven was parked on the block.[3] The Government ignores the fact that the defendant in Burton initially told

---

[2] The Government argued in its Response Brief, that Mr. Mitchell was "repeatedly seen" at 3411 N. Franklin Place. See Govt.'s Response Brief at 8. Law enforcement officials, however, only observed Mr. Mitchell at 3411 Franklin Place three times during a three-month period, and this can hardly be characterized as "repeatedly." Additionally, the fact that Mr. Mitchell stopped at 3411 N. Franklin Street for five minutes prior to an alleged drug sale that took place at a different location, does not establish that he lived there or was storing contraband there.

[3] It is also worth noting that none of the vehicles that Mr. Mitchell was observed driving were registered to 3411 N. Franklin Street.

6

police that he resided at that address, and that an investigating officer received information that the defendant did in fact live at that residence. Here, the information in the present affidavit linking Mr. Mitchell to 3411 N. Franklin Place is solely based on law enforcement officials observing Mr. Mitchell at the residence three times in the course of three months, combined with information that the individual who is currently residing there used to live at 505 Sherman Street.[4] Because the affidavit does not contain facts to establish that Mr. Mitchell was residing at 3411 Franklin Place, there was no sufficient nexus linking any alleged contraband to that address. Therefore, the magistrate judge lacked a substantial basis for finding probable cause that contraband would be found at that address.

**B. The Good Faith Exception is Inapplicable.**

Evidence obtained pursuant to a facially-valid search warrant, later found to be invalid is admissible if the executing officers acted in good faith, and in objectively reasonable reliance on the warrant. Leon, 468 U.S. at 897.

The test of whether the good faith exception applies is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. Loy, 191 F.3d at 367. The objective standard requires officers to have reasonable knowledge of what the law prohibits. United States v. Zimmerman, 277 F.3d 426, 438. The Third Circuit has identified four such situations in which the good faith exception does not apply:

>  1) Where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;

---

[4]The government also relies on United States v. Smith, 219 Fed. Appx. 242 (3d Cir 2007). In Smith, the Court found sufficient probable cause to search an address because the officers observed the defendant engage in drug transactions on the front steps of that address and then immediately enter that house. Here, there was absolutely no evidence presented in the affidavit that any drug sales had occurred at 3411 N. Franklin Place.

2) Where the magistrate abandoned his or her judicial role and failed to perform his or her neutral and detached function

3 ) Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or

4 ) Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

Hodge, 246 F.3d at 308.  Contrary to the Government's assertion, Mr. Mitchell contends that the good faith exception is inapplicable in the present case, because the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

In Zimmerman, 277 F.3d at 437, the Third Circuit held that an affidavit which presented scant evidence linking the defendant's home to evidence to be seized "so lacked the requisite indicia of probable cause that it was entirely unreasonable for an official to believe to the contrary." Id. Similar to Zimmerman, the affidavit in the present case presented little, if any, evidence suggesting that Mr. Mitchell resided at 3411 Franklin Place.  Furthermore, a reasonable officer should have known that the evidence linking Mr. Mitchell to 3411 N. Franklin Place did not amount to probable cause.

Finally, the Government argues that "there is no dispute that the WPD officers relied upon the search warrant, and, thus, Mr. Mitchell's motion must be denied pursuant to Leon.  The good faith exception, however, is not a magic lamp for police officers to rub whenever they find themselves in trouble.  United States v. Reilly, 76 F.3d 1271 (2nd Cir. 1996).  In the present case, there was insufficient evidence presented in the affidavit to link Mr. Mitchell to 3411 N. Franklin Place.  A reasonable officer would have been aware of the insufficiency of the evidence presented in the affidavit, and therefore the evidence must be suppressed.

8

IV. **CONCLUSION**

For the reasons set forth, Mr. Mitchell submits that all evidence obtained as a result of the unlawful search of 3411 N. Franklin Place, in Wilmington, Delaware, and any statements made by Mr. Mitchell after the unlawful search must be excluded at trial.

Respectfully submitted,

*/s/ Eleni Kousoulis*
Eleni Kousoulis, Esquire
Assistant Federal Public Defender

Attorney for Defendant, Clarence Mitchell

Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: June 17, 2008