**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
v. : Criminal Action No. 08-23-SLR
:
CLARENCE MITCHELL, :
:
Defendant. :

**GOVERNMENT'S REPLY TO THE DEFENDANT'S MEMORANDUM**

Justice of the Peace Court #20 found probable cause to believe that 3411 Franklin Place would contain evidence of the defendant's crack-dealing enterprise. The court did so for good reason. As detailed in the search warrant affidavit, the defendant was an organized drug dealer – the type of individual to store evidence of his illicit activities at his home, which according to the information contained in the affidavit, was likely 3411 Franklin Place. Indeed, after conducting surveillance on the defendant numerous times, detectives with the Wilmington Police Department ("WPD") only observed the defendant enter **one** house, the residence at 3411 Franklin Place. Moreover, the defendant was seen going into this home on three separate occasions: two of which were either shortly before or after he sold crack cocaine to a confidential informant.

Nevertheless, the defendant argues that the Court should suppress all evidence found at 3411 Franklin Place because the residence lacked connection to his drug trafficking activities. In light of the burden of proof that probable cause requires, as well as the great deference due to the magistrate's finding here, the government respectfully disagrees. In particular, the affidavit of probable cause sets forth ample facts for the magistrate to conclude that there was a fair probability that 3411 Franklin Place was both the defendant's home and a location where evidence of his

trafficking activity would be found. Moreover, contrary to the defendant's assertion, this case certainly does not present one of the rare instances where the affidavit could be characterized as "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (D.I 27 at 8). Accordingly, even if the magistrate lacked a substantial basis for issuing the warrant for 3411 Franklin Place, the evidence obtained at that location is admissible pursuant to the United States v. Leon[1] good-faith doctrine.

**A. The Magistrate Had a Substantial Basis to Find Probable Cause to Search 3411 Franklin Place**

The issue before the Court is **not** whether the search warrant affidavit established, as a matter of certainty, that the defendant was living or storing contraband at 3411 Franklin Place. Rather, "[p]robable cause deals with probabilities, not certainties." United States v. Rickus, 737 F.2d 360, 367 (3d Cir. 1984). Indeed, probable cause to search a location only requires a "fair probability" that contraband or evidence will be found there; this determination is made using common sense and by making reasonable inferences, giving proper weight to a police officer's specialized training and experience. Id. (citation omitted); United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002) (discussing inferences that may be drawn in connection with a probable cause finding) (citations omitted); United States v. Yusuf, 461 F.3d 374, 390 (3d Cir. 2006) (indicating that courts should consider "reasonable inferences" that an officer makes based on his or her training and experience in a probable cause determination). Moreover, once a magistrate makes a probable cause determination, it is not the role of a reviewing court to make its "own assessment of whether probable cause existed." United States v. Jones, 994 F.2d 1051, 1057 (3d Cir. 1993). Rather, a

---

[1] 468 U.S. 897 (1984).

reviewing court looks only to see if the magistrate court had a "substantial basis" for its probable cause finding – a finding that should be afforded "a great deal of deference." United States v. Ritter, 416 F.3d 256, 264 (3d Cir. 2005).

With the above standard in mind, the government respectfully asserts that the magistrate had a substantial basis to conclude that there was a fair probability the defendant lived at 3411 Franklin Place and was storing contraband at that location. As explained in the affidavit, drug traffickers often place assets in names other than their own to avoid detection. (Ex. A ¶ 1).[2] Consistent with this behavior, 3411 Franklin Place was listed as being in the name of Denise Smiley – an individual who shared the same address as the defendant for, apparently, a significant period in the past.[3] (Id. ¶ 21). After performing surveillance on the defendant on a number of occasions, 3411 Franklin Place was the only house that WPD observed the defendant entering.[4] Accordingly, the magistrate had a reasonable basis to conclude that 3411 Franklin Place was the defendant's residence, and as

---

[2] Indeed, although the defendant makes a point of noting that "none of the vehicles that Mr. Mitchell was observed driving were registered to 3411 N. Franklin Street" (D.I. 27 at 6 n.3), it is also worth noting that of the four vehicles that the defendant drove to perform drug deals, two were registered to another individual, and one was a rental vehicle – behavior that is certainly consistent with attempting to avoid detection by law enforcement. (Ex. A ¶¶ 14, 17, 18, and 25).

[3] The defendant argues that "[t]here is nothing in the affidavit establishing that Mr. Mitchell and Ms. Smiley even lived at 505 Sherman Street at the same time." (D.I. 27 at 6). However, as paragraph 21 of the affidavit indicates, according to Denise Smiley's criminal history, "she has used the same address ( 505 Shearman Street) since 12/01/2004. It should be noted Clarence Mitchell's current address of record is also 505 Shearman Street, Wilmington, Delaware and has used same since 2/8/1997." (Ex. A ¶ 21).

[4] The defendant asserts that it would be "pure speculation" to conclude that the defendant did not reside at his listed address – 505 Shearman Street. (D.I. 27 at 6). However, not only did WPD perform surveillance on this specific residence on several occasions (Ex. A ¶ 15), they also followed the defendant personally numerous times. (Id. ¶¶ 14, 15, 17, 18, 20, 22, 24, and 25). He was never seen at 505 Shearman Street.

such, would likely contain evidence of his drug trafficking activity. See United States v. Hodge, 246 F.3d 301, 305-307 (3d Cir. 2001).[5] As such, the government respectfully asserts that, in light of the great deference due to the magistrate court's finding of probable cause here, the defendant's motion should be denied.

**B. The Good Faith Exception to the Exclusionary Rule Is Applicable Here**

Even if the court finds that the magistrate lacked a substantial basis for its probable cause finding, the evidence in this case should not be suppressed pursuant to the Leon good-faith exception to the exclusionary rule. The suppression of evidence obtained from an otherwise invalid warrant "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." United States v. Williams, 3 F.3d 69, 74 (3d Cir. 1993). Under the good-faith exception, the "mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application" of the exception. Hodge, 246 F.3d at 308 (citing Leon, 468 U.S. at 922).

---

[5] Moreover, as the affidavit explains, of the three times the defendant was seen entering 3411 Franklin Place, two such occasions were shortly before or after engaging in known sales of crack cocaine. (Ex. A ¶¶ 20, 25). These facts – independent of whether 3411 Franklin Place was the defendant's residence – support the magistrate's conclusion that evidence of the defendant's crack dealing enterprise would be found at that location. See United States v. Smith, 219 Fed. Appx. 242, 244 (3d Cir. Mar. 13, 2007).

The defendant attempts by distinguish Smith by asserting that "there was absolutely no evidence presented in the affidavit that any drug sales had occurred at 3411 N. Franklin Place." (D.I. 27 at 7 n.4). The import of Smith, however, lies not in where the drug sales occurred, but where the defendant proceeded before and after engaging in said drug sales. See Smith 219 Fed. Appx. at 244 ("Glenn's series of movements entering and exiting 2920 N. Bonsall Street immediately preceding and following the observed drug transaction demonstrates Glenn was hiding drugs at that address.").

There are four situations where the good faith exception does not apply. Id. (listing the four exceptions) (citation omitted). The defendant only argues that the third situation is present here, namely that "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." D.I. 27 at 8 (citing Hodge, 246 F.3d at 308). Respectfully, the defendant is incorrect.

The Third Circuit has identified "very few situations" in which a search warrant affidavit was so lacking in probable cause as to bring it outside the scope of the good-faith exception. United States v. Sarraga-Solana, 263 Fed. Appx. 227, 231 (3d Cir. Jan. 29, 2008). Such situations include "affidavits based on conclusory assertions, a single piece of outdated evidence, or an uncorroborated or unreliable anonymous tip." Id. (citing cases). The facts contained in the present search warrant affidavit – a three month investigation involving multiple periods of surveillance, five controlled buys of crack cocaine made from the defendant using a past-proven reliable confidential informant, and known visits by the defendant to the target residence shortly before/after known drug sales – stand in stark contrast to these three examples. Id. (applying the good-faith exception where the affidavit was "based on an extensive investigation and surveillance").[6] Accordingly, since the

[6] Indeed, contrary to the defendant's suggestion, the Third Circuit's opinion in United States v. Zimmerman, 277 F.3d 426 (3d Cir. 2002), presents facts that are hardly "similar" to the present case. (D.I. 27 at 8). In Zimmerman, a warrant was issued to search the defendant's residence for adult and child pornography. Id. at 429. However, there was no evidence in the affidavit to indicate that the defendant ever possessed child pornography. Id. Moreover, the affidavit only referenced one piece of adult pornography that the defendant possessed, which was last seen approximately six months prior to the search. Id. at 437. Moreover, the affidavit contained "lurid and irrelevant" accusations against the defendant by the affiant that the majority believed "had nothing to do with whether there was pornography in his home." Id. Based on these circumstances, a divided panel concluded that the Leon exception was inapplicable, since "[n]o objectively reasonable police officer could believe that, despite the magistrate's authorization, the law did not prohibit a search of Zimmerman's home for pornography, child and adult." Id. at 438; see also id. at 438-441 (Alito, J., dissenting).

officers who executed the warrant had a reasonable basis to believe in its validity, the good-faith exception to the exclusionary rule is applicable here. Leon, 468 U.S. at 921 ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.").

## CONCLUSION

**WHEREFORE,** the United States respectfully requests that the Court deny Defendant's Amended Pre-Trial Motion to Suppress Evidence and Statements.

Respectfully submitted,

COLM F. CONNOLLY
UNITED STATES ATTORNEY

BY: /s/ Shawn A. Weede
Shawn A. Weede
Assistant United States Attorney

Dated: June 23, 2008